United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

LeMarke Gates,

    Defendant.

_____/

Hon. George Caram Steeh

Case No. 22-cr-20221

# **Plea Agreement**

The United States of America and the defendant, LeMarke Gates, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1. Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count One of the Information. Count One charges the defendant with Possession with Intent to Distribute at least 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II).

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count One | Term of imprisonment: | At least 5 years and up to 40 years |
| --- | --- | --- |
| | Fine: | $5,000,000 |
| | Term of supervised release: | At least 4 years |

The defendant understands that Count One requires a mandatory minimum sentence of 60 months' imprisonment. Defendant understands that the Court may not impose a sentence on that count below the mandatory minimum.

3. **Elements of Count of Conviction**

The elements of Count One are:

1. The defendant knowingly possessed cocaine as charged;

2. The substance was in fact cocaine;

3. The defendant possessed the cocaine with intent to distribute it; and

4. The weight of the cocaine the defendant possessed was at least 500 grams as charged.

4. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about September 2, 2021, law enforcement executed a search warrant at the defendant's home in Detroit, Michigan, which is in the Eastern District of Michigan. The defendant was present at the time of the search. Agents recovered approximately 743.3 grams of cocaine in the defendant's basement, which field tested positive as cocaine. Agents also recovered two cocaine presses, two digital scales, a suspected cutting agent, various plastic baggies, and other drug paraphernalia, such as a razor blade and a spoon with suspected cocaine residue, in the defendant's basement. The defendant admitted that the cocaine belonged to him and that he intended to distribute it to others. Subsequent forensic laboratory testing confirmed the substance was cocaine and weighed more than 500 grams.

5.  **Advice of Rights**

The defendant has read the Information, has discussed the charge and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.  The right to plead not guilty and to persist in that plea;

B.  The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**6. Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here

may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 7. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for

acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 24 as the base offense level under USSG § 2D1.1(c)(8) for at least 500 grams but less than 2 kilograms of cocaine;
- +2 for possession of a dangerous weapon under USSG § 2D1.1(b)(1); and
- +2 for maintaining a premises for the purpose of distributing a controlled substance under USSG § 2D1.1(b)(12).

The parties have no other recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

- The weight of the cocaine in the defendant's basement was more than 500 grams but less than 2 kilograms.
- The defendant possessed the following firearms that were in his bedroom at the time of the search: a Smith & Wesson M&P 9mm

handgun; a Taurus, PT709, 9mm handgun; and a Del-Ton, DTI-15, 556 caliber, rifle with a 60-count high-capacity drum magazine attached. A Smith & Wesson, SD9VE, 9mm handgun was also found in the defendant's van that was parked in the driveway at the time of the search.

- In his basement, the defendant possessed two cocaine presses, more than 500 grams of cocaine, digital scales, and packaging materials used to distribute narcotics. The defendant stipulates that he used his house to store and package cocaine, and that he distributed cocaine from his house.

The parties have no other recommendations as to the defendant's guideline calculation.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.     Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**8.     Imposition of Sentence**

   **A.     Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   **B.     Imprisonment**

      **1.     Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

not exceed the top of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendations. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendations. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a four-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this

agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Forfeiture

The defendant agrees, pursuant to 21 U.S.C. § 853(a), to forfeit to the United States his interest in the following assets:

A. Any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II) as charged in Count One of the Information; and

B. Any property, real or personal, used, or intended to be used, in any manner, to commit, or to facilitate the commission of, the violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II) as charged in Count One of the Information.

Such property includes, but is not limited to:

- $7,511.21 in funds seized from JP Morgan Chase Checking Account #XXXXX8010;

- JP Morgan Chase Bank, $100,000.00 Cashier's Check #XXXXXX5545 attributable to five cashier's checks;

- Smith & Wesson SD9VE 9mm Pistol with Magazine and Ammunition;

- Smith & Wesson M&P9 9mm Pistol with Magazine and Ammunition;

- Taurus PT-709 9mm Pistol with Magazine and Ammunition;

- Del-Ton Inc. DTI-15 5.56mm Rifle with Magazine and Ammunition; and,

- Assorted Magazines and Ammunition.

The defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or any time before, his sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees to sign such orders, indicating he consents to its entry if requested to do so by the

government. The defendant agrees that the forfeiture order(s) will become final as to him at the time entered by the Court.

The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and/or ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant will assist in obtaining a release of interest from any such other person or entity, and to deliver clear title to property that is subject to forfeiture pursuant to 21 U.S.C. § 853.

In entering into this agreement with respect to forfeiture, the defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described

forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The defendant expressly waives his right to have any determination regarding the forfeitability of the property referenced above whether by judge or by a jury under Federal Rule of Criminal Procedure Rule 32.2. The defendant further waives the requirements of Rule 32.2 regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

### F. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 9. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment

does not exceed the top of the guideline range as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**10. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**11. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 15. Acceptance of Agreement by Defendant

The government may withdraw from this agreement at any time before the defendant pleads guilty.

|  |  |
|---|---|
|  | Dawn N. Ison<br>United States Attorney |
| *signature*<br>John N. O'Brien II<br>Chief, Drug Task Force<br>Assistant United States<br>Attorney | *signature*<br>Trevor M. Broad<br>Assistant United States<br>Attorney |

Dated: May 31, 2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Steve Fishman
Attorney for Defendant

_____
LeMarke Gates
Defendant

Dated: 5/31/22