UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

               Plaintiff,               Case No. 22-20221

-v-                                       HON. GEORGE STEEH

**LEMARKE GATES,**

               Defendant.
_____/

## SENTENCING MEMORANDUM FOR DEFENDANT GATES

## INTRODUCTION

On June 9, 2022, LeMarke Gates pled guilty to Possession with Intent to Distribute at least 500 Grams of Cocaine. His plea was taken pursuant to a Rule 11 agreement that contemplated a sentencing guideline range of 57-71 months based on a total offense level of 25 and a criminal history category of I.

The Probation Department agreed with the guideline range as calculated by the parties. Since the charged offense carries a mandatory minimum sentence of 60 months, the effective sentencing guideline range is 60-71 months.

Sentencing is scheduled for April 18, 2023. The purpose of this

memorandum is to request that the Court impose a sentence of 60 months based on Mr. Gates's lack of a prior criminal record and excellent work history.

## DISCUSSION

### I. Legal standard

The Court must correctly calculate and consider the guidelines in determining the sentence, *Gall v United States*, 552 U.S. 38 (2007), but it may also sentence beneath the guidelines in a particular case as long as the sentence is reasonable. *Kimbrough v United States*, 552 U.S. 85 (2007).

In these decisions, the Supreme Court has approved of the notion that the sentencing judge "has greater familiarity with an individual case and individual defendant than the Commission or the appeals court and is therefore in a superior position to find facts and judge their import under §3353(a) in each particular case." *Kimbrough*, *supra*, at 574, quoting *Gall*, *supra*.

The Court, therefore, may conclude in its discretion that a sentence beneath the guidelines is appropriate based on the following considerations in 18 U.S.C. §3553(a):

- the nature and circumstances of the offense;
- the history and characteristics of the defendant;
- the seriousness of the offense;

- the need to afford adequate deterrence;

- the need to protect the public from the defendant; and

- the need to avoid creating unwarranted sentence disparities.

Upon consideration of these factors, the Court should impose a sentence that is "sufficient, but not greater than necessary," to satisfy the purposes of sentencing: just punishment, promotion of respect for the law, deterrence, protection of the public, and rehabilitation of the defendant.

## II. The seriousness of the offense

Drug dealing is obviously a serious offense and Mr. Gates acknowledged its seriousness by pleading guilty to an information rather than requiring the government to obtain a grand jury indictment.

## III. The history and characteristics of the defendant

As is often the case in defense counsel's experience, Mr. Gates was raised primarily by his mother due to his father's incarceration for drug dealing during his childhood. He did not meet his father until he was sixteen years old. He maintains a loving relationship with his mother and his three siblings.

Mr. Gates is married and has two children. He informed the Probation Department that his conduct caused a breakdown in trust and communication with his wife but despite this case, they remain committed to their marriage and their

family.[1]

As indicated in the pre-sentence report, Mr. Gates "has a history of consistent, gainful employment," including working as a truck driver for Waste Management for 17 years.[2] Although he has been unemployed since May, 2022, that occurred primarily because of his serious health issues.

For a 42-year old man, Mr. Gates's health is terrible, including uncontrolled high blood pressure, Bell's Palsy, and emergency open heart surgeries to repair a tear of his aortic valve. The surgeries contributed to a weight loss of over sixty pounds and Mr. Gates's condition caused his sentencing hearing to be adjourned.

Defense counsel is concerned over the ability of the Bureau of Prisons (BOP) to monitor and treat Mr. Gates's declining health. He is still involved in cardiac rehabilitation and also has kidney issues. As indicated in the pre-sentence report, he is taking any number of medications on a daily basis. Defense counsel has had prior experience with the BOP where clients were not provided with their medications. Hopefully, that will not be the case with Mr. Gates.

### IV.  Acceptance of responsibility

In addition to pleading guilty to an information, Mr. Gates demonstrated

---

[1] Pre-sentence report, ¶ 40

[2] Pre-sentence report, ¶ 51

extraordinary acceptance of responsibility through his written statement to the Probation Department where he noted that he "feels terrible about the situation and the impact that it has caused on my life and my family." He described his decision to become involved in the drug game as "a selfish decision that...will now cause me to have to separate from the ones that I love the most." He vowed that upon his return from custody, he "will put his focus and energy into what I have been doing all of my life, and that's being a family man and working full-time." [3]

Defense counsel is confident that Mr. Gates will do precisely what he has vowed to do upon his release from custody.

### V.  Residential Drug and Treatment Program (RDAP)

Mr. Gates had a significant problem with alcohol abuse that caused him to seek treatment through a Wayne County program in July, 2020. Although he has been able to maintain his sobriety through his various health challenges, defense counsel believes that he would benefit from participating in the RDAP program while in custody.

### VI.  Summary

The effective sentencing guideline range in this case is 60-71 months. Defense counsel contends that everything about the case, including Mr. Gates's

---

[3] Pre-sentence report, ¶ 17

history and characteristics as well as his acceptance of responsibility, mitigate in favor of a sentence of 60 months. If the mandatory minimum did not apply in this case, the Court would surely be contemplating a sentence far lower than that given Mr. Gates's health, work history, and family ties.  Therefore, a sentence of 60 months is sufficient but not greater than necessary to accomplish the purposes of the sentencing statute.

## CONCLUSION

WHEREFORE, Defendant Gates requests that this Court sentence him to the mandatory minimum of 60 months with a recommendation that he be placed in the RDAP program by the Bureau of Prisons.

Respectfully submitted,

s/ Steven Fishman
Steven Fishman (P23049)
Lawyer for Defendant Gates
615 Griswold, Suite 1120
Detroit, MI 48226
(313) 920-2001
Email: sfish6666@gmail.com

Dated: April 6, 2023

## CERTIFICATE OF SERVICE

This is to certify that on April 6, 2023, I served a copy of the attached sentencing memorandum upon Trevor Broad, AUSA, by filing same electronically.

s/ Steven Fishman<br>
Steven Fishman