UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

LeMarke Gates,

    Defendant.

_____/

Case No. 22-cr-20221

Hon. George Caram Steeh

# THE UNITED STATES' SENTENCING MEMORANDUM

## I. Introduction

LeMarke Gates sold cocaine for years. And he stored, packaged, and distributed it from his home where he lived with his wife and children. Not only did he keep dangerous drugs and drug trafficking materials, like cocaine presses, inside his home, but he also kept several dangerous firearms at the house, including an AR-style assault rifle with a 60-count high-capacity drum magazine. He now stands convicted of possession with intent to distribute at least 500 grams of cocaine and is to be sentenced.

The United States recommends that a sentence at the low end of the advisory guideline range above the 60-month mandatory minimum, followed by four years of supervised release, is "sufficient but not greater than necessary" to accomplish the

goals of sentencing under 18 U.S.C. § 3353(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

**II.    Facts and Procedural History**

    A.    <u>Facts</u>

Between July 2021 and August 2021, a confidential source twice bought cocaine from the defendant at the defendant's house. (PSR ¶ 8). Law enforcement then obtained and executed a search warrant at the defendant's home. (PSR ¶ 9). The defendant was home at the time of the search with his children. (*Id.*)

In the search, law enforcement encountered Gates in the basement by the laundry room closet. (*Id.*) Inside the basement laundry room was various firearm ammunition and a pistol magazine. Also in the basement, in a closet, was: 743.3 grams of cocaine, of which 488.4 grams was in various quantities of prepackaged baggies; two cocaine presses; a digital scale with cocaine residue; rubber gloves; suspected cutting agent; and a spoon and razor blade with cocaine residue. (*Id.*). In the basement ceiling rafters, law enforcement found a loaded Glock magazine and various firearm ammunition. (*Id.*) Another loaded firearm magazine was found in a child's bedroom. (*Id.*)

Four firearms were recovered during the search. Three were in the master bedroom: 1) an AR-15 style rifle with a 60-round drum magazine loaded with .223 ammunition; 2) a Smith & Wesson 9mm handgun with a large-capacity magazine

loaded with 17 rounds; and 3) a Taurus 9mm handgun loaded with nine rounds. (*Id.*) Additional ammunition and handgun magazines were found in the master bedroom as well. (*Id.*) The fourth firearm, a handgun, was found inside the defendant's car that was parked at the house. (PSR ¶ 12).

Following the search, the defendant acknowledge that he had been selling cocaine for about six years. (PSR ¶ 13).

B. Charging, Plea and Presentence Report

On April 25, 2022, the defendant was charged in a one-count Information with Possession with Intent to Distribute At Least 500 Grams of Cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II). (ECF No. 1). The defendant pleaded guilty to that charge on June 9, 2022, with a Rule 11 plea agreement. (PSR ¶ 3). In the Rule 11 plea agreement, the parties agreed on certain guidelines provisions, and the government agreed that its sentencing recommendation would not exceed the top of the defendant's guideline range as determined by the Court. (ECF No. 11, PageID.26 – 27, 28 – 29). The Court accepted the guilty plea and took the Rule 11 plea agreement under advisement. (PSR ¶ 3).

The United States has reviewed the presentence report. The advisory guidelines calculation in the PSR includes the guidelines provisions agreed upon in the Rule 11 plea agreement. (PSR ¶¶ 19 – 29). The United States has no outstanding objections to the PSR.

**III.     The 3553(a) Sentencing Factors Support the Recommended Sentence.**

Courts must consider the factors set forth in 18 U.S.C. § 3553(a) when fashioning a sentence that is sufficient but not greater than necessary. Those factors support a low-end guideline range custodial sentence above the 60-month mandatory minimum.

    A.    <u>The Advisory Guideline Range, 18 U.S.C. § 3553(a)(4)</u>

The goals of the sentencing guidelines are to carry out the objectives of 18 U.S.C. § 3553(a). *See United States v. Rita*, 551 U.S. 338 (2007). "[I]t is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 345. Thus, despite being advisory, the applicable guideline range is an important factor. Indeed, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). Here, including the 60-month mandatory minimum, the advisory guideline range is 60 to 71 months. (PSR ¶ 56).

    B.    <u>Just Punishment for the Serious Nature and Circumstances of the Offense, 18 U.S.C. §§ 3553(a)(1) & (a)(2)(A)</u>

A guideline sentence above the 60-month mandatory minimum provides just punishment based on the nature and circumstances of the defendant's offense. The defendant committed a serious drug trafficking crime, which is reflected in Congress's decision to impose a mandatory minimum sentence of at least 60 months'

4

imprisonment. This mandatory minimum is based on the amount of cocaine found in the house at the time of the search—approximate 743 grams. This 60-month mandatory minimum applies when there is *at least* 500 grams of cocaine. Here, there was more than 500 grams. In addition, the mandatory minimum does not account for the number of firearms, the cocaine presses, the additional firearm magazines, the high-capacity magazines, or the ammunition that were inside the home.

To be sure, the bottom of the applicable guideline range here is 60 months and that bottom includes an enhancement for maintaining a drug premises and an enhancement for possessing firearms. However, that guideline range calculation does not account for the length of time that the defendant was selling drugs, which he admitted was about six years. Further, the defendant had multiple drug presses in the house, which is indicative of a significant involvement in drug trafficking activity and is not factored into the guideline range calculation. Indeed, the cocaine presses suggest that this defendant was involved in kilogram-amounts of cocaine. That level of drug trafficking typically carries higher guideline ranges and mandatory minimums. The guideline range also does not account for the total number of firearms—four—and the two high-capacity magazines that were in the house with the drugs. It also does not account for the fact that children were in the house with the drugs and weapons. Accordingly, the bottom of the applicable

5

guideline range here, 60 months, does not adequately reflect just punishment for the dangerous nature and circumstance of this defendant's offense.

    C.    <u>History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)</u>

The defendant's lack of prior criminal history supports a sentence at the lower end of the guideline range sentence. However, the fact that this is the defendant's first criminal conviction only goes so far. The defendant admitted he had been selling cocaine for six years. (PSR ¶¶ 13, 30). Thus, the truth is that this defendant was engaged in criminal activity for years and simply avoided being caught until now. So, this offense was not the product of a momentary lapse in judgment or a one-time mistake. A sentence at the low-end of the guideline range, above 60-months, appropriately reflects this.

    D.    <u>Respect for the Law, 18 U.S.C. § 3553(a)(2)(A)</u>

A low-end guideline range sentence above 60 months promotes respect for the law. As stated above, the defendant was selling drugs for years, and his possession of firearms increased the risk of violence and the overall dangerousness to everyone around him, including his children, his wife, his friends and family, and his neighbors.

    E.    <u>Adequate Deterrence and Protecting the Public, 18 U.S.C. § 3553(a)(2)(B) and (C)</u>

A sentence at the low end of the guideline range above 60 months serves the interests of deterrence and the need to protect the public.

For general deterrence, a sentence at the low end of the guideline range above 60 months sends an important message that drug trafficking is a serious crime and will be punished accordingly. And a sentence above 60 months also sends an important message that where guns are involved with drugs, more severe sentences will be imposed, as is the case here.

A sentence at the low end of the guideline range above 60 months should be adequate to deter this defendant, who has no prior criminal history, from engaging in criminal conduct in the future. To his credit, the defendant has been on bond in this case for about a year with no violations. (PSR ¶ 77).

A sentence at the low end of the guideline range also serves the interests of protecting the public. The public deserves to be free from the dangerous drug trafficking activity that this defendant engaged in for years. A custodial sentence at the low end of the guideline range will protect the public from this defendant's drug trafficking activity.

IV. **Conclusion**

For the reasons above, the United States respectfully requests that the Court impose a custodial sentence at the low-end of the advisory guideline-range above 60-months, to be followed by four years of supervised release.

        Respectfully submitted,

        DAWN N. ISON
        UNITED STATES ATTORNEY

        *s/ Trevor M. Broad*
        Trevor M. Broad
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226
        (313) 226-0210
        Trevor.Broad@usdoj.gov

Dated: April 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, I electronically filed the foregoing item using the ECF system, which will send notification of such filing to all counsel of record.

*s/ Trevor M. Broad*
Assistant United States Attorney
